# BALTIMORE CITY COURT

Filed June 24, 1903.

———

———

STEUART & STEUART

VS.

ALCINDA M. CHAPPELL, GARNISHEE OF THOMAS C. CHAPPELL.

———

*David Stewart* for plaintiffs.
*Frederick C. Cook* for garnishee.

DENNIS, J.—

In speaking of the character of claims for which an attachment will lie, Mr. Poe says: "As the result of the authorities, it may be stated that the claim, in order to be within the act, must be one for an ascertained amount of liquidated indebtedness, to which a plaintiff can safely and properly swear; and the cause of action, which must be filed wth the declaration, must be one which either on its face shows the liability of the defendant and the amount of such liability, or which itself furnishes the standard or measure of arriving at such liability." 2 Poe—Practice—Sec. 415.

The account which is the cause of action in this case wholly fails to measure up to this standard. It is for a lump sum for professional services rendered, and the statement which is appended shows that these

services were rendered in a number of distinct cases. There is no agreement alleged by which the defendant bound himself to pay any particular sum, and the value of these services is put at what the plaintiff himself assumes they are worth. This is by no means the real test of their value; the real test is what they were reasonably worth, and that must be determined by a jury after testimony.

It is evident from the pleadings that the case is not one brought under the provisions of the Act of 1888, Ch. 507, which allows attachments for unliquidated damages; here there is no such statement of the breach of the contract as is required by the Act to be set out in the declaration, and the required bond was never given. The case proceeds solely upon the theory of recovering liquidated damages, and that upon a *quantum meruit;* and as such cannot be maintained for the reasons already given. The motion to quash the attachment is therefore sustained.